**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4004
_____

FILMORE JOHNSON,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-738-252)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2013
Before:  SMITH, GREENAWAY, JR., and SHWARTZ, Circuit Judges

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

Filmore Johnson petitions for review of a decision of the Board of Immigration

Appeals.  For the reasons below, we will dismiss the petition for review.

Johnson, a native of Liberia, became a lawful permanent resident of the United States in

1994.  In 2001, Johnson pleaded guilty to possession of cocaine with intent to distribute it within 1000 feet of school property, aggravated assault, conspiracy,  and weapons charges.  In 2011, he was charged with removability as an alien convicted of a crime involving moral turpitude and as one who had committed a controlled substance offense.  An Immigration Judge (IJ) sustained the charges of removability.  Johnson applied for deferral of removal under the Convention Against Torture (CAT).  He argued that he would be tortured in Liberia due to his tribal affiliation, his potential imprisonment as a criminal deportee, and his father's role in a previous Liberian Government.[1]  After a hearing at which Johnson was represented by counsel, the IJ denied relief.

On appeal, the BIA affirmed the IJ's determination that Johnson would not be tortured if removed to Liberia.  It agreed with the IJ that he had not corroborated his claim with testimony of his father for purposes of establishing that he would be tortured based on his tribal affiliation and that he would be detained in conditions created with the specific intent to torture.  Johnson filed a petition for review, and the Government filed a motion to dismiss.

The Government argues that the petition for review should be dismissed because Johnson was convicted of a crime involving moral turpitude and a controlled substance offense, see 8 U.S.C. § 1182(a)(2), and has not raised any constitutional claims or questions of law.  We lack jurisdiction to review the final orders of removal of aliens with such convictions, 8 U.S.C. § 1252(a)(2)(C), but retain jurisdiction over constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

---

[1] In his brief, Johnson disclaims relying on his tribal affiliation or possible detention as a basis for CAT relief.  Brief at 8 n.4.

In his brief, Johnson argues the BIA erred as a matter of law in affirming the IJ's finding that Johnson had failed to meet his burden of proof because he had failed to provide corroboration. However, he concedes that the BIA may require credible applicants to supply corroborating evidence. See Pet. Brief at 11; Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001); Chukwu v. Att'y Gen., 484 F.3d 185, 191-92 (3d Cir. 2007); 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."). Arguments that the IJ or BIA "incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). The BIA's determination that Johnson had not met his burden of proof without corroboration is a factual determination that we lack jurisdiction to review.

Johnson also argues that the testimony and evidence he submitted was sufficient to meet his burden of proof and that certain factual findings made by the IJ and adopted by the BIA were unsupported by the record. However, as noted above, we lack jurisdiction to address Johnson's challenge to the IJ's factual findings. Johnson does not contest that this is a factual issue. Brief at 9 ("Findings of fact, as are raised in Point II of the Argument . . .").

Because Johnson has not raised any colorable questions of law or constitutional issues, we will grant the Government's motion to dismiss the petition for review.